UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DEWIGHT TAYLOR                                                                    Plaintiff

v.                                                          Civil Action No. 3:19-cv-P763-RGJ

ERIC CLARK *et al.*                                                              Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  Upon consideration, the Court will allow one claim to proceed, dismiss Plaintiff's other claims, and allow him the opportunity to amend his complaint.

## I.

Plaintiff Dewight Taylor is incarcerated at the Louisville Metro Department of Corrections (LMDC).  Plaintiff names as Defendants in this action LMDC Director Eric Clark and LMDC "Grievance Counselor" Sharon Shipley.  Plaintiff sues these Defendants in their official capacities only.

Plaintiff first alleges that he has "filed about black mold, rust, and bacteria to prevent these to my lungs, other people lungs, because I have real bad breathing problems at times. . . . [Defendant] Clark has the responsibility to not violate my right, but [he] continues to violate me no regards."  Plaintiff further alleges that "this facility is [] infested with insects which cause physical harm to a human ([illegible] cockroaches, magets and fruit flies)."  Plaintiff also writes "7/11/2019 not meeting state requirement calorie intake for inmates."  Plaintiff states that "these

are all signs of cruel and unusual punishment which cannot be done [Defendant] Clark continues to violate my Eighth Amendment."

Plaintiff alleges that Defendant Shipley violated his rights by failing to give him the form he needed to appeal a grievance.

As relief, Plaintiff seeks damages and injunctive relief in the form of release from incarceration.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this

standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Conditions-of-Confinement

The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)). The Sixth Circuit has

"historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[1]

### 1. Black Mold, Rust, Bacteria, and Breathing Problems

Upon consideration, the Court will allow a Fourteenth Amendment conditions-of-confinement claim to proceed against Defendant Clark in his official capacity based upon Plaintiff's allegation that the presence of black mold, rust, and bacteria at LMDC has caused him breathing problems. In allowing this claim to proceed, the Court passes no judgment on its merit or the ultimate outcome of this action. The Court will also provide Plaintiff the opportunity to amend his complaint to sue Defendant Clark in his individual capacity with regard to this claim. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment)

### 2. Presence of Insects

The Court, however, will dismiss Plaintiff's claims based upon the presence of insects at LMDC because he has failed to provide any detail regarding the level or length of his exposure to these conditions, his proximity to these conditions, or the effects of this exposure on him, if any. *See, e.g.*, *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) ("Conditions-of-confinement cases are highly fact-specific . . .").

---

[1] At this time, the Sixth Circuit has recognized only one explicit exception to the general rule that rights under the Eighth Amendment are analogous to rights under the Fourteenth Amendment. This exception applies to excessive-force claims brought by pretrial detainees. *Id.* at 938 n.3 (noting that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective-intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley* standard to a claim of deliberate indifference to a serious medical need brought by a pretrial detainee).

**B. Caloric Intake**

As indicated above, Plaintiff alleges that his rights have been violated because LMDC does not "meet[] state requirement calorie intake for inmates." Plaintiff fails to describe this claim with any particularity in the complaint. Moreover, this claim is subject to dismissal because the mere fact that a jail fails to follow state policy or procedure does not state a claim of constitutional dimensions. *Sandin v. Conner*, 515 U.S. 472 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("state law, by itself, cannot be the basis for a federal constitutional violation").

**C. Access to Grievance Procedure**

The Court next turns to Plaintiff's allegation that Defendant Shipley violated his rights by denying him the form needed to appeal a grievance decision. This claim too must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (recognizing that "there is no constitutionally protected due process right to unfettered access to prison grievance procedures"); *McGee v. Grant*, 863 F.2d 883, 1988 U.S. App. LEXIS 16607, at *3 (6th Cir.1988) ("[I]nmate grievance procedures are not constitutionally required in . . . prison systems, therefore, any failure on the part of defendants to follow grievance procedures does not give rise to a § 1983 claim.").

**D. Injunctive Relief**

Finally, the Court turns to Plaintiff's request that he be "released from illegal detention." This request for relief must be dismissed because when a "prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is

entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims based upon the presence of insects at LMDC, the caloric intake of inmates, Defendant Shipley's failure to follow the grievance process, and his request for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to **terminate Defendant Shipley as a party to this action**.

**IT IS FURTHER ORDERED** that if Plaintiff intends to sue Defendant Clark in his individual capacity, he must file an **amended complaint** within __**30 days**__ from the entry date of this Memorandum Opinion and Order in which he so indicates.  Following the expiration of the 30-day period, regardless of whether an amended complaint has been filed, the Court will enter a Service and Scheduling Order regarding the claim(s) it has allowed to proceed.

The **Clerk of Court** is **DIRECTED** to send Plaintiff page 2 of the complaint form with this case number and the words "Amended Complaint" written on it.

Date:  December 13, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
A961.011

6